# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **NATIVE AMERICAN ARTS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**BUD K WORLDWIDE, INC.,**<br><br>Defendant. | Civil Action 7:10-CV-124 (HL) |

**ORDER**

This case is before the Court on Defendant's Motion to Dismiss for Lack of Article III Standing (Doc. 31). For the reasons discussed below, the Motion to Dismiss is denied.

**I.   BACKGROUND**

Plaintiff Native American Arts, Inc. ("NAA") is an Indian-owned arts and crafts organization composed of members of the Ho-Chunk Nation. (Compl. § 3).[1] NAA produces and distributes Indian-made products, including tomahawks, knives, belts, blankets, and artwork. (MTD Hr'g Tr. 12, June 10, 2011). Defendant Bud K Worldwide, Inc. ("Bud K") operates an online and mail order catalog store where it sells cutlery, knives, swords, and other Indian-style merchandise. (Affidavit of Clint Kadel, ¶¶ 4, 11-12).

On March 5, 2010, in the Northern District of Illinois, NAA filed a complaint under the Indian Arts and Crafts Enforcement Act of 2000 ("IACEA"), 25 U.S.C. §

---

[1]As the Indian Arts and Crafts Enforcement Act uses the term "Indian" rather than "Native American," the Court will use "Indian" herein.

305, *et seq.* NAA alleges that Bud K violated the IACEA by directly or indirectly, offering or displaying for sale or selling goods in a manner that falsely suggested that they were Indian produced, Indian products, or the products of a particular Indian tribe or Indian arts and crafts organization. 25 U.S.C. § 305(b). NAA seeks compensatory damages and injunctive relief.

The case was transferred to the Middle District of Georgia on October 26, 2010. On December 1, 2010, Bud K filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that NAA did not have constitutional or prudential standing to bring its claims. In an order entered on May 23, 2011, the Court denied Bud K's Motion to Dismiss as to the prudential standing issue.

The Court treated Bud K's attack on subject matter jurisdiction as a factual attack. Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because Bud K's challenge was deemed a factual attack, an evidentiary hearing on the constitutional standing issue was held on May 31, 2011. Both parties presented documentary evidence, Bud K presented physical evidence, and NAA's president, Matthew Mullen, testified. The parties were allowed to submit additional briefs following the hearing.

## II. ANALYSIS

The Supreme Court has established that the "irreducible constitutional minimum" of standing contains three elements: (1) the plaintiff must have suffered

an injury in fact - an invasion of a legally protected interest which is concrete and particularized, and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992).

NAA argues that standing has been granted to it through the IACEA, as Indian arts and crafts organizations are explicitly included as a person who may initiate a civil action under the statute. NAA is correct that it has been granted statutory standing. However, that is not the same thing as constitutional standing, which is the type of standing at issue here. There are three types of standing: constitutional, prudential, and statutory.

> Though all are termed "standing," the differences between [them] are important. Constitutional and prudential standing are about, respectively, the constitutional power of a federal court to resolve a dispute and the wisdom of so doing. Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury.

Graden v. Conexant Sys., Inc., 496 F.3d 291, 295 (3d Cir. 2007) (emphasis in original). The Supreme Court has made clear that

> Congress may, by legislation, expand standing to the full extent permitted by Art. III, thus permitting litigation by one "who otherwise would be barred by prudential standing rules." In no event, however, may Congress abrogate the Art. III minima: A plaintiff must always have suffered "a distinct and palpable injury to himself," that is likely to be redressed if the requested relief is granted.

Gladstone, Realtors v. Vill. of Bellwood, 441 U.S. 91, 100 (1979) (quoting Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197 (1975)); *see also* Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004) ("If a plaintiff lacks Article III standing, Congress may not confer standing on that plaintiff by statute.") Thus, NAA is still required to meet the Article III standing test. The IACEA does not establish constitutional standing.

Nevertheless, after considering the full record, the Court finds that NAA has met its burden as to Article III standing. Matthew Mullen testified that as a result of Bud K's offering fake Indian goods for sale, NAA had to lower its prices on certain items, including knives, tomahawks, and blankets, about 25 or 30 percent. (MTD Hr'g Tr. 32-34, 68). He testified that NAA lost sales and sales opportunities because of Bud K's conduct. (MTD Hr'g Tr. 34-36, 68). This evidence satisfies the first two prongs of the Article III standing inquiry - that NAA has suffered an actual injury that is fairly traceable to Bud K's alleged misconduct. These are not hypothetical injuries. Further, NAA has requested an award of damages and injunctive relief, and certainly if granted, this relief would redress the injuries alleged. Thus, the third prong of the Article III test is satisfied.

Bud K argues that NAA has not established standing because it did not produce sales journals, balance sheets, profit and loss statements, or tax records at the motion hearing. The Court does not believe that for purposes of a Rule 12(b)(1) motion, NAA was in effect required to prove its damages or try its entire case.

Of course, finding that NAA has standing certainly does not mean NAA will ultimately win at trial, or even get past summary judgment. But at this point, NAA's case will move forward. Bud K's Motion to Dismiss is denied. Bud K is directed to file its answer to NAA's complaint within 14 days of the date of this Order.

**SO ORDERED**, this the 11th day of July, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh