IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **NATIVE AMERICAN ARTS, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**BUD K WORLD WIDE, INC.,**<br><br>    Defendant. | Civil Action 7:10-CV-124 (HL) |

**ORDER**

This case is before the Court on Plaintiff's Motion to Reconsider and Grant Hearing (Doc. 119). Plaintiff asks the Court to reconsider its order entered on May 18, 2012 granting Defendant's motion to exclude the testimony of James T. Berger. (Doc. 115). Plaintiff also requests a Daubert hearing.

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Instead, the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Courts generally grant motions for reconsideration when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Id. "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003)).

The Court has closely reviewed the motion to reconsider and Defendant's response to the same. After much consideration, the Court denies Plaintiff's motion. Plaintiff has shown the Court no valid reason to change its decision to exclude Berger from this case. The motion is merely a re-hash of arguments already presented, or arguments that were not previously presented but could have been raised during the briefing on the motion to exclude. A motion for reconsideration is not the appropriate forum to raise new arguments.

Plaintiff's request for a <u>Daubert</u> hearing is also denied. The Court is under no obligation to conduct a <u>Daubert</u> hearing. *See* <u>Cook *ex rel.* Estate of Tessier v. Sheriff of Monroe County, Fla.</u>, 402 F.3d 1092, 1113 (11th Cir. 2005). "In some cases, an evidentiary hearing is unnecessary because the parties' reciprocal submissions are sufficient to enable the court to resolve the reliability issue without taking live testimony." <u>United States v. Frazier</u>, 387 F.3d 1244, 1274 n. 4 (11th Cir. 2004) (*en banc*) (citation omitted). Berger's testimony is not particularly complicated, and he is the only expert in the case. The Court had sufficient information before it to rule on the motion to exclude, and finds that a <u>Daubert</u> hearing was not, and is not, required.

Plaintiff's Motion to Reconsider and Grant Hearing (Doc. 119) is denied.


**SO ORDERED**, this the 20th day of June, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh